FILED
2019 Dec-20 PM 12:39
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

**JASON WHITT,**

**PLAINTIFF,**

**VS.** **CV NO.:**

**JEMISON DEMSEY LLC D/B/A
JEMISON METALS,**

**DEFENDANT.** **JURY TRIAL DEMANDED**

# COMPLAINT

## I. JURISDICTION

1. This action for injunctive relief and damages is brought pursuant to 28 U.S.C. §§ 1331, 1343(4), 2201, 2202, and 42 U.S.C. § 12101 et seq. This is a suit authorized and instituted pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq. (ADA). The jurisdiction of this Court is invoked to secure protection for and to redress the deprivation of rights and Defendant's violation of the Acts, and for injunctive relief and damages.

2. Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) within 180 days of the last discriminatory act (Exhibit A). Plaintiff further filed this lawsuit within ninety (90) days after receipt of the right-to-sue letter issued by the EEOC (Exhibit B).

## II. PARTIES

3. Plaintiff, Jason Whitt, (hereinafter "Plaintiff") is a resident of Danville, Morgan County, Alabama, and performed work for the Defendant in the counties composing the Northern District of Alabama during the events of this case.

4. Defendant Jemison Demsey LLC d/b/a Jemison Metals (hereinafter "Defendant") is a company registered and doing business in Jefferson County, Alabama and has sufficient minimum contacts with the State of Alabama that it is subject to service of process in Alabama. Thus, pursuant to 28 U.S.C. § 1391(b), venue for this action lies in the Northern District, Southern Division. Defendant employed at least fifteen (15) persons during the current or preceding calendar year. Therefore, this Court has personal jurisdiction over Defendant.

## III. STATEMENT OF FACTS

5. Plaintiff hereby incorporates by reference each of the allegations contained in paragraphs 1 through 6 above.

6. Plaintiff initially commenced his employment with Defendant on October 1, 2013.

7. Defendant terminated Plaintiff's employment the first time on March 2016.

8. Defendant re-hired Plaintiff on or about November 11, 2017.

9. Defendant employed Plaintiff in the position of Stretch Leveler CTL Operator.

10. Defendant terminated Plaintiff's employment on October 16, 2018.

11. Plaintiff is disabled as defined by the American with Disabilities Act as amended due to the condition of alcoholism.

12. On August 17, 2018, Plaintiff missed work because he had sought help from a Rehabilitation facility.

13. Plaintiff made Defendant aware of his circumstances, specifically that he was seeking treatment of his disabling condition.

14. Defendant excused Plaintiff's August 17, 2018 absence so long as he "provided certification of [his] enrollment, participation, and completion of their program."

15. Defendant received notification that he enrolled in, participated in, and completed a rehabilitation program.

16. As a result of the notification that Plaintiff had completed a rehabilitation program, Defendant was due to excuse Plaintiff's August 17, 2018 absence.

17. Defendant did not excuse Plaintiff's August 17, 2018 absence as promised.

18. Plaintiff commenced rehabilitation treatment on August 23, 2018 with an initial completion date of September 23, 2018, and a return to work date of October 15, 2018.

19. On October 12, 2018, Plaintiff's physician in Decatur, Alabama, extended Plaintiff's treatment dates through October 29, 2018, with a return to work date on October 30, 2018.

20. On October 12, 2018, Laura Burdeshaw, the Registered Nurse at Decatur Morgan Hospital, sent a facsimile to Defendant's H.R. Manager Tina Bradt that stated "Jason will be able to return to full duties on October 30, 2018. Dr. Cheatam was the admitting physician."

21. Defendant made no further inquiry of Plaintiff regarding the facsimile.

22. Defendant made no further inquiry of Plaintiff's physician regarding the facsimile.

23. On October 15, 2018, Defendant terminated Plaintiff's employment for failing to show up to work on October 15, 2018.

24. Defendant had knowledge of Plaintiff's absence and made no further inquiry regarding the extension of Plaintiff's treatment.

## IV. COUNT ONE - Americans with Disabilities Act - Termination

25. Plaintiff adopts by reference each and every material averment contained in paragraphs 1 through 24 above as if fully set forth herein.

26. Plaintiff suffers from the physical and/or sensory impairment of Alcoholism.

27. Plaintiff's Alcoholism, when undergoing an episode of alcohol abuse, affects the major life activities of caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, working, as compared to the average person in the general population.

28. Plaintiff initially commenced his employment with Defendant on October 1, 2013.

29. Defendant terminated Plaintiff's employment the first time on March 2016.

30. Defendant re-hired Plaintiff on or about November 11, 2017.

31. Defendant employed Plaintiff in the position of Stretch Leveler CTL Operator.

32. Plaintiff was qualified for the position of Stretch Leveler CTL Operator with or without a reasonable accommodation of his disability.

33. Defendant terminated Plaintiff's employment on October 16, 2018.

34. But for Plaintiff's disability, Defendant would not have terminated Plaintiff's employment.

35. As a result of Defendant's discriminatory decision to terminate Plaintiff's employment because of his disability, Plaintiff has suffered loss of pay, loss of benefits, and emotional distress.

## V. COUNT TWO - ADA – Failure to Accommodate

36. Plaintiff adopts by reference each and every material averment contained in paragraphs 1 through 35 above as if fully set forth herein.

37. Plaintiff suffers from the physical and/or sensory impairment of Alcoholism.

38. Plaintiff's Alcoholism, when undergoing an episode of alcohol abuse, affects the major life activities of caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, working, as compared to the average person in the general population.

39. Plaintiff initially commenced his employment with Defendant on October 1, 2013.

40. Defendant terminated Plaintiff's employment the first time on March 2016.

41. Defendant re-hired Plaintiff on or about November 11, 2017.

42. Defendant employed Plaintiff in the position of Stretch Leveler CTL Operator.

43. Plaintiff was qualified for the position of Stretch Leveler CTL Operator with or without a reasonable accommodation of his disability.

44. Defendant terminated Plaintiff's employment on October 16, 2018.

45. On August 17, 2018, Plaintiff missed work because he had sought help from a Rehabilitation facility.

46. Plaintiff made Defendant aware of his circumstances, specifically that he was seeking treatment of his disabling condition.

47. Defendant excused Plaintiff's August 17, 2018 so long as he "provided certification of [his] enrollment, participation, and completion of their program."

48. Defendant received notification that he enrolled in, participated in, and completed a rehabilitation program.

49. As a result of the notification that Plaintiff had completed a rehabilitation program, Defendant was due to excuse Plaintiff's August 17, 2018 absence.

50. Defendant did not excuse Plaintiff's August 17, 2018 absence as promised.

51. Plaintiff commenced rehabilitation treatment on August 23, 2018 with an initial completion date of September 23, 2018, and a return to work date of October 15, 2018.

52. On October 12, 2018, Plaintiff's physician in Decatur, Alabama, extended Plaintiff's treatment dates through October 29, 2018, with a return to work date on October 30, 2018.

53. On October 12, 2018, Laura Burdeshaw, the Registered Nurse at Decatur Morgan Hospital, sent a facsimile to Defendant's H.R. Manager Tina Bradt that stated "Jason will be able to return to full duties on October 30, 2018. Dr. Cheatam was the admitting physician."

54. Defendant made no further inquiry of Plaintiff regarding the facsimile.

55. Defendant made no further inquiry of Plaintiff's physician regarding the facsimile.

56. On October 15, 2018, Defendant terminated Plaintiff's employment for failing to show up to work on October 15, 2018.

57. Defendant had knowledge of Plaintiff's absence and made no further inquiry regarding the extension of Plaintiff's treatment.

58. Defendant was substantially motivated by Plaintiff's disability and continuing need for healthcare in making the decision to terminate Plaintiff's employment.

59. Defendant failed to engage in the ADA's interactive process regarding Plaintiff's request for the reasonable accommodation of seeking an additional two weeks of treatment prior to his return to work.

60. As a result of Defendant's violation of the ADA, Plaintiff has been damaged, suffering loss of pay, benefits, and mental anguish.

## VI. PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully prays for the following relief:

A. Grant Plaintiff a permanent injunction enjoining the Defendant, its agents, successors, employees, attorneys and those acting in concert with the Defendant and at the Defendant's request from continuing to violate the terms of the Americans with Disabilities Act;

B. Enter an Order requiring the Defendant to make Plaintiff whole by awarding reinstatement to the position he would have had, had he not been terminated;

C. Award Plaintiff back pay, together with employment benefits, front pay, compensatory damage, punitive damages; special damages; nominal damages;

D. Attorneys' fees and costs;

E. Any different or additional relief as may be determined by the Court to which Plaintiff is entitled.

Allen D. Arnold

**OF COUNSEL:**

ALLEN D. ARNOLD, Attorney at Law
A Member of The Five Points Law Group, LLC
2151 Highland Avenue South, Ste. 205
Birmingham, AL 35205
(205) 252-1550
F: (205) 502-4476
allen@5pointslaw.com

**PLAINTIFF REQUESTS TRIAL BY STRUCK JURY**

OF COUNSEL

**DEFENDANT'S ADDRESS:**
Jemison Demsey LLC
d/b/a Jemison Metals
c/o James D. Davis
2001 Park Place, Ste. 320
Birmingham, AL 35203